# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHOL SUN, | : | 10-cv-2186 |
|     Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| ERIC HOLDER, et al., | : | |
|     Respondents. | : | |

## MEMORANDUM

### December 22, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin Carlson (Doc. 11), filed on December 1, 2010, which recommends that the Petitioner Sophol Sun's ("Petitioner" or "Sun") habeas corpus petition (Doc. 1) be denied. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

---

[1] Objections were due by December 20, 2010.

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Petitioner is a native of Thailand and a citizen of Cambodia who entered the United States as a refugee on or about May 30, 1986. (*See* Doc. 10, Notice to Appear, Ex. 1; Record of Deportable/Inadmissible Alien, Ex. 2.) Petitioner began a pattern of crime on June 23, 2003 when he was convicted of burglary in the State of California. After serving that sentence, he was convicted of a felony firearms offense and sentenced to probation in 2006. Only one year later, Petitioner was convicted for immigration offenses related to the transportation of an unlawful alien into the United States, and was sentenced to thirty-three months imprisonment.

These convictions led to his deprortation proceedings that commenced on December 30, 2009.  A final order of removal issued on January 25, 2010, and Petitioner waived his right to appeal.  Since that date Petitioner has remained in custody at USP-Allenwood.  As of October 19, 2010, Petitioner's name appeard on a list of individuals for whom the consulate of Cambodia is preparing travel documents, and thus the Enforcement Removal Office anticipates that Petitioner's travel documents will arrive in the near future and his removal will be effected.

Petitioner filed his petition for a writ of habeas corpus on October 25, 2010, challenging his continued detention pending his removal.  (Doc. 1.)  His sole claim for relief is that the delay following the January 25, 2010 final order of removal is presumptively unreasonable, and requests to be released on bail pending his deportation.  The United States responded to the petition on November 15, 2010. (Doc. 10.)  Magistrate Judge Carlson issued his R&R on December 1, 2010, recommending that Petitioner's petition be denied because his continuing detention is justified in light of his prior criminal record and the likelihood of removal in the foreseeable future.

### III.  DISCUSSION

As we have already mentioned, neither Defendant nor the Plaintiff have filed objections to this R&R.  Because we agree with the sound reasoning that led the

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.² With a mind towards conserving judicial resources, we will not fully rehash the reasoning of the Magistrate Judge and will only briefly summarize the considerations the Court finds most salient. We will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice.*

As recognized by Magistrate Judge Carlson, the constitutional considerations regarding the length of post-removal detention are described by the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and its progeny. *Zadvydas* recognized that detention for six months after the mandatory ninety-day "removal period" is "presumptively reasonable". Thus, if an alien's detention exceeds this period of six months and the alien can demonstrate that there is no likelihood of removal in the foreseeable future, the Government must sufficiently rebut that showing or consider the alien for bail. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.* at 701. As noted by Magistrate Judge Carlson, "[i]n instances where an alien is unable to produce evidence demonstrating good cause to believe that

---

² We commend Magistrate Judge Carlson for performing a painstaking and thorough analysis of the case *sub judice*. While the procedural history compounded the difficulty of doing so, we are confident that the learned Magistrate Judge reached the appropriate conclusions.

4

there is no significant likelihood of removal in the reasonably foreseeable future, courts have frequently sustained continuing periods of detention pending removal well beyond the six-month time frame. . . ." (Doc. 11 pp. 9-10.) We agree with Magistrate Judge Carlson's ultimate determination that Petitioner has failed to demonstrate that he has been subjected to unconstitutionally excessive detention because he has not provided evidence of no significant likelihood of removal in the reasonably foreseeable future. Indeed, the Government's response demonstrates the contrary – that immigration officials are actively taking steps to facilitate his removal from the United States and that his travel documents will issue promptly.

## IV. CONCLUSION

For the reasons articulated above, we agree with Magistrate Judge Carlson and adopt his findings that Petitioner has not carried his burden of proof under *Zadvydas*, that he will not be removed in the foreseeable future and that his continued detention is thus unreasonable. Therefore, we adopt the R&R in its entirety and Sun's petition (Doc. 1) is denied without prejudice.